# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| MAX A. CHIZUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-0527 |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the court allows the Plaintiff to proceed against Dr. Noe Marandot, M.D., and Nurse Lee Ivers on his Eighth Amendment claim that they allowed his prescription of methadone to expire on two occasions and **DISMISSES**, pursuant to Section 1915A, all other claims and Defendants.

BACKGROUND

Plaintiff Max Chizum ("Chizum"), a prisoner confined at the Miami Correctional Facility ("MCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of rights protected by the United States Constitution's Fifth, Eighth, and Fourteenth Amendments, and rights protected by Article I §§ 12 and 14 *et seq.* of Indiana's Constitution. The defendants are Correctional Medical Services, Inc., ("CMS"), MCF Medical Director Lynn Frye, Dr. Noe Marandot, M.D., and Nurse Lee Ann Ivers.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Chizum brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Chizum's claim that the defendants' conduct violated provisions of Indiana's Constitution states no claim upon which relief can be granted.

Chizum alleges that in 2006 he was diagnosed with throat cancer and was treated by doctors from the IUPUI Medical Center, who prescribed 15 mg. of morphine twice daily to deal with his pain. He alleges that Dr. Marandot changed his pain medication to to 10 mg. of methadone twice daily. According to the complaint, Dr. Marandot told Chizum "the change was made to cut cost." (DE 1 at 3).

Chizum alleges that "[t]he first incident of deliberate indifference occurred on/or about November 15, 2007 . . . [when] . . . Dr. Noe Marandot allowed the plaintiff's prescription of

methadone to expire." (DE 1 at 3). He alleges that the non-renewal of his medication "put the plaintiff into severe withdrawals" that caused him pain injury and weight loss. (*Id.*). The second incident cited by the Plaintiff occurred on or about August 31, 2009, when Nurse Ivers "abruptly cut his medication off again throwing the plaintiff into massive withdrawals again causing him indescribable pain and suffering." (DE 1 at 4).

Chizum alleges that Dr. Marandot and Nurse Ivers' actions violated rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. When addressing claims brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants. *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16. Because the Plaintiff has been convicted, the court will consider his claims under the Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual

punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez,* 111 F.3d at 1373.

Deliberate indifference is comparable to criminal

recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Medical malpractice, negligence, or even gross negligence do not constitute deliberate indifference, nor does dissatisfaction or disagreement with a course of treatment prescribed by a doctor. *Johnson v. Doughty*, 433 F.3d. 1001, 1013 (7th Cir. 2006); *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Dunnigan v. Winnebago County*, 165 F.3d 587, 592 (7th Cir. 1999); *Goka v. Bobbit*, 862 F.2d 646, 650 (7th Cir. 1988). Mere differences of opinion among medical professionals regarding a patient's appropriate treatment do not give rise to deliberate indifference. *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

\* \* \*

> Jackson was incorrect in his recitation of Williams's duty – medical professionals are not required to provide

> "proper" medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards." There is not one "proper" way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Jackson v. Kotter*, 541 F.3d 688, 697-8 (7th Cir. 2008) (quotation marks and citations omitted).

It is unclear from the complaint whether Chizum is asserting that Dr. Marandot's changing of his pain medication from morphine to methadone to save money violated the Eighth Amendment. Even if he intends to assert this as a claim, Dr. Marandet's changing of his medication did not show deliberate indifference to Chizum's serious medical needs, and states no Eighth Amendment claim upon which relief can be granted. Health care providers routinely prescribe less expensive medication as a cost cutting measure, and prescribing lower cost medication for prisoners does not violate the Eighth Amendment so long as the substitute medication is appropriate. *See Jackson*, 541 F.3d at 697-8 (A medical decision does not suggest deliberate indifference if it is within a range of acceptable courses based on prevailing standards in the field). Chizum does not allege that methadone was not effective in treating his pain; rather, he alleges that allowing his methadone to expire caused him pain and other problems.

Chizum alleges that Defendants Marandot and Ivers allowed his

methadone to expire on two occasions, causing him pain and other side effects. The *Farmer* test contains an objective prong (whether there is a serious medical need), and a subjective prong (whether the defendants were deliberately indifferent to that need). Here the Plaintiff alleges that he had been diagnosed by a doctor as having a need for pain medication, which constitutes a serious medical need. Allowing a prisoner's pain medication to lapse, knowing he would experience pain and withdrawal symptoms, could show an unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Chizum the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that Defendants Marandot and Ivers were deliberately indifferent to his serious medical needs by allowing his methadone prescription to expire causing him unnecessary pain and withdrawal symptoms.

In addition to Dr. Marandot and Nures Ivers, Chizum also names the CMS and MCF Medical Director Lynn Frye as defendants. Section

1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to section 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). That Defendants Marandot and Ivers were employed by CMS, does not make that corporation liable for their alleged deliberate indifference, and the complaint does not allege that Medical Director Frye had any personal involvement in the decision not to renew Chizum's methadone prescription to expire.

CONCLUSION

For the foregoing reasons, the court:

(1) **GRANTS** Plaintiff leave to proceed against Defendants Noe

Marandot and Lynn Ivers in their individual capacity for damages on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs by allowing his methadone prescription to expire causing him unnecessary pain and withdrawal symptoms;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims and **DISMISSES** Defendants Correctional Medical Services and Lynn Frye;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendants Marandot and Ivers respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on Defendants Marandot and Ivers on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on them along with the summons and complaint.

**DATED: April 26, 2010**   /S/RUDY LOZANO, Judge
    **United States District Court**