UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MAX A. CHIZUM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09cv527 JD |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Max Chizum, a prisoner currently confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that officials at the Miami Correctional Facility ("MCF") violated his federally protected rights while he was confined there. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and granted Chizum leave to proceed against Dr. Noe Marandet, M.D., and Lee Ann Ivers on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs by allowing his methadone prescription to expire, causing him unnecessary pain and withdrawal symptoms [DE 8]. Chizum amended his complaint on August 4, 2010, to add additional language dealing with his claims against Defendants Marandet and Ivers [DE 26, 27]. The Defendants moved for summary judgment based on 42 U.S.C. § 1997e, but the Court denied their motion [DE 39]. Chizum has now submitted an amended complaint, adding several defendants and claims. This matter is before the Court pursuant to the Plaintiff's amended complaint and the Court's statutory screening obligation. *See* 28 U.S.C. § 1915A.

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend

where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal

conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.*

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court will review a *pro se* Plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

In his original complaint, Chizum alleged that Defendants Marandet and Ivers were deliberately indifferent to his serious medical needs in November 2007 and August 2009 when they allowed his prescription pain medication to expire [DE 1 at 3-4]. In his amended complaint, Chizum reasserts his claims against these Defendants, and also seeks to add MCF officials Sarah Robison, Clair Retek Barnes, and Kathy Stephenson as defendants.

When the Court screened Chizum's original complaint, it allowed him to proceed on his Eighth Amendment claim, but found that his Indiana Constitutional claims and his claims under the Fifth and Fourteenth Amendments to the United States Constitution stated no claim upon which relief can be granted [DE 8 at 3-4]. Nevertheless, in his amended complaint Chizum repleads these claims, asserting that the Defendants' actions were "contrary to Indiana Constitution Articles 1 §

3

12, 14 *et seq.* and the United States Constitution 5th, 8th, and 14th Amendments" [DE 60 at 2]. A prisoner's attempts to replead claims in an amended complaint that were dismissed for failure to state a claim justifies denial of leave to amend. *Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011) ("The magistrate judge was not obligated to reward intransigence; these claims are frivolous and again would have faced immediate dismissal. We have held that leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate").

Two of the officials Chizum seeks to add as defendants are not medical personnel, and none of them were involved in Defendants Marandet and Ivers termination of his medication. The amended complaint alleges that Counselor Robison subjected him to cruel and unusual punishment in September 2009 by providing him insufficient assistance when he complained to her about what Defendant Ivers had done. Chizum alleges that she did not help him after he sent her a request for interview, and that she responded to a second request for interview by sending him a grievance form [DE 60 at 3]. But Counselor Robison, as a non-medical staff member, was entitled to rely on the judgment and recommendations of medical professionals regarding Chizum's care and treatment:

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004).

Defendant Marandet is a medical doctor and Defendant Ivers is a nurse. Counselor Robison is not in a position to second guess Defendants Marandet and Ivers's medical decisions. Robison gave Chizum a grievance form by which he could obtain an actual administrative review of Defendant Ivers's actions. "Obduracy and wantonness rather than inadvertence or mere negligence

4

characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, [the plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). That is a high bar, and nothing in the amended complaint suggests that Counselor Robison acted maliciously, intending to punish or injure Chizum. The Plaintiff has not stated a plausible allegation that Counselor Robison was subjectively deliberately indifferent to his serious medical needs.

Chizum alleges that Executive Assistant Barnes was deliberately indifferent to his serious medical needs because of the way she handled the grievance he filed against Nurse Ivers. But that a prison official mishandles, or denies a prisoner's grievance does not state a claim under § 1983 because "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d at 953, citing *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation") (citations omitted). Accordingly, the Plaintiff states no claim upon which relief can be granted against Executive Assistant Barnes.

The amended complaint alleges that on August 31, 2009, the Plaintiff "sent a Request for Healthcare form #45913 to the medical department asking to see the Dr. About his 'cold turkey' withdrawal from narcotics" [DE 60 at 3]. Chizum alleges that on September 2, 2009, Nurse Stephenson wrote "refer to provider" on the form [*Id.*], referring his request to the doctor treating him.

Chizum alleges that Nurse Stephenson's "lack of action regarding the content of the request and the immediate action needed taken to eliminate the possibility of the plaintiff going into narcotic withdrawal sickness constituted a deliberate indifference to his medical needs . . ." [*Id.*]. But Nurse

Stephenson lacked the authority to prescribe narcotics for the Plaintiff; only a doctor could solve his problem. According to the amended complaint, Nurse Stephenson referred Chizum's request to the doctor treating him within three days of it being submitted by the Plaintiff.

Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment; to state an Eighth Amendment claim, a prisoner must allege facts establishing that a defendant possessed a total unconcern for his welfare in the face of serious risks. *McNeil v. Lane*, 16 F.3d at 124. The amended complaint's allegations are insufficient to suggest that Nurse Stephenson acted maliciously, intending to punish or injure the Plaintiff. Nothing in this recitation of facts states a plausible allegation that Nurse Stephenson was subjectively deliberately indifferent to Chizum's serious medical needs.

The Court has concluded that the state constitutional claims and Fifth and Fourteenth Amendment claims the Plaintiff seeks to add in his amended complaint, relative to the original defendants, state no claim upon which relief can be granted, and that he states no plausible claim against any of the new defendants he wishes to add to his complaint. Accordingly, leave to amend would be futile, and the Court will deny the Plaintiff leave to file an amended complaint.

For the foregoing reasons, the court DENIES the Plaintiff leave to file an amended complaint and DIRECTS the clerk to STRIKE the amended complaint [DE 60].

SO ORDERED.

ENTERED: July 18 , 2011

      /s/ JON E. DEGUILIO
      Judge
      United States District Court